DAVID SEROR – Bar No. 067488
JORGE A. GAITAN – Bar No. 288427
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email:     dseror@bg.law
           jgaitan@bg.law

[Proposed] Attorneys for Plaintiff Amy L. Goldman,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SHAHEN MARTIROSIAN,<br><br>Debtor.<br><hr>AMY L. GOLDMAN, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF SHAHEN MARTIROSIAN,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA MARTIROSIAN, ANAHIT HARUTYUNYAN, CITY NATIONAL FINANCE,<br><br>Defendants. | Case No. 1:15-bk-11139-MB<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT:**<br><br>**1. TO AVOID AND RECOVER FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq*.]**<br><br>**2. FOR EQUITABLE SUBORDINATION OF THE SECURED CLAIMS OF CITY NATIONAL FINANCE**<br><br>**3. FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff, Amy L. Goldman, the duly appointed and acting Chapter 7 Trustee (the "Trustee"), on behalf of the bankruptcy estate (the "Estate") of debtor Shahen Martirosian (Debtor"),

1

complaining of defendants Virginia Martirosian, Anahit Harutyunyan, and City National Finance (collectively, "Defendants"), alleges as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On or about April 2, 2015 (the "Petition Date"), Debtor filed a voluntary petition under Title 11, Chapter 7 of the United States Code. Thereafter, Amy L. Goldman was appointed chapter 7 trustee for the Debtor's bankruptcy estate.

2. On May 15, 2015, the Trustee filed a "no asset report," indicating her conclusion that there were no assets available for distribution from the Estate.

3. On September 15, 2015, the Court granted the Debtor a discharge and, on September, 22, 2015, closed the bankruptcy case.

4. On January 9, 2019, creditor Norair Savadian filed a motion to reopen the Debtor's bankruptcy case.

5. The Court granted the motion and reopened the case on April 5, 2016.

6. On September 18, 2019, the Trustee was reappointed.

7. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 13-05 of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(A), (H), (K), and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 11, Chapter 7 of the United States Code that is currently pending.

8. Pursuant to the Trustee's Acceptance of Appointment filed on or about September 18, 2019, the Trustee has standing to bring this adversary proceeding on behalf of the Estate.

## PARTIES

9. Defendant Virginia Martirosian is the Debtor's wife and the initial transferee of the Property, prepetition. Virginia Martirosian ("Virginia")[1] is also ostensibly the postpetition seller of the Property to Anahit Harutyunyan ("Harutyunyan").

---

[1] Because there is more than one party with the surname Martirosian, the Complaint shall make reference to Virginia Martirosian using her first name for the purpose of clarity. No disrespect is intended.

2

10. On information and belief, Defendant Harutyunyan is an insider of the Debtor or is otherwise a straw buyer who worked in collusion with the Debtor and Virginia to effectuate a transfer of the Property to Harutyunyan in an effort to hinder, delay and defraud the Debtor's creditors.

11. Defendant City National Finance ("CNF") is the lender who financed Harutyunyan's purchase of the Property in a short sale for $600,000. CNF is the holder of a first and second deed of trust currently encumbering the Property.

## GENERAL ALLEGATIONS

12. The Debtor's Schedule of Assets and Liabilities and Statement of Financial Affairs was filed on April 10, 2015 (the "Schedules").

13. In his Schedules, the Debtor asserted that he owned certain real property located at 4705 Excelente Dr, Woodland Hills, CA 91364 (the "Property") in "fee simple," and that it had a fair market value of $700,000.

14. The Debtor additionally asserted that the Property was encumbered by secured claims exceeding $2 million dollars.

15. Relying on the Schedules and information before her, the Trustee filed the "no asset" report. A discharge of the Debtor and closure of the case followed soon thereafter.

16. On or about November 23, 2015, Norair Savadian filed a complaint, Case No. 1:15-01240-MB, against the Debtor asserting various claims, including to set aside the transfer by Debtor of the Property to Virginia, and Virginia's subsequent transfer of the Property to Harutyunyan (the "Savadian Action").

17. On or about June 24, 2016, Vazgen Khachatryan filed a complaint, Case No. 1:16-01091-MB, against the Debtor similarly alleging that the Debtor, Virginia and Harutyunyan were involved in a scheme to hinder the ability of creditors to reach the Property (the "Khachatryan Action").

18. On or about August 31, 2016, Alexander Sefian filed a complaint, Case No. 1:16-01116, against the Debtor asserting similar claims (the "Sefian Action").

2194929

19. On or about July 4, 2019, Seda Ohanessian filed a complaint, Case No. 1:19-01089-MB, alleging similar allegations of a fraudulent scheme involving the Debtor (the "Ohanessian Action").

20. On December 27, 2016, in connection with the Kachatryan Action, the Court issued a temporary restraining order ("TRO"), enjoining the defendants to the Kachatryan Action from foreclosing on, enforcing any deed of trust against, or otherwise facilitating transfer of the Property.

21. On February 1 and 13, 2017, the Court held an evidentiary hearing on whether to extend the injunctive relief in the TRO, in the form of a preliminary injunction through and including the completion of trial in the adversary proceeding.

22. Following the evidentiary hearing, the Court issued its Memorandum of Decision Re: Preliminary Injunction (the "Decision").

## THE DECISION FINDINGS

23. The Court's findings of fact and conclusions of law as set forth in the Decision and as reiterated here give rise to the instant Complaint and Adversary Proceeding. The Trustee, here, alleges as true the facts set forth by the Court in support of its Decision. Specifically, as relates to the fraudulent nature of the transfers of the Property from the Debtor to his wife, Virginia, and the subsequent transfer of the Property from Virginia to Harutyunyan, the Court in its Decision found that:

   a. Kachatryan demonstrated based on circumstantial evidence that it was likely the Property was transferred from the Debtor to his wife, Virginia, and from Virginia to Harutyunyan, with the intent to hinder, delay and/or defraud the Debtor's creditors.

   b. The Debtor's transfer of the Property to his wife, the filing of a bankruptcy falsely claiming that the Property still belonged to him, the use of the bankruptcy case to strip off judgments against the Property, Virginia's negotiation of short sale approvals, the subsequent short sale of the Property to Harutyunyan, and the leaseback of the Property to the Martirosians, were all part of an elaborate

4

2194929

strategy to shelter the Property from the Debtor's creditors and place it in the hands of a friendly buyer who ultimately would return it to the Martirosians.

    c. Harutyunyan is not an arm's length purchaser and was working in collusion with the Debtor and his wife. On this issue, the Court found evidence that (i) Harutyunyan did not have the financial wherewithal to purchase and improve the Property, or even to make a down payment on the loan from CNF, (ii) Harutyunyan incurred a monthly interest payment obligation to CNF of over $6,800 as to which she did not have the ability to pay on her own, (iii) during those months in which interest payments were made to CNF, Harutyunyan obtained the funds necessary to make those payments from Virginia, (iv) Harutyunyan and Virginia attempted (unsuccessfully) to disguise the source of the funds by going to Wells Fargo each month to purchase, with cash, a cashier's check that identified Harutyunyan as the remitter and referenced her account for Excelente, Inc., (v) months before she actually purchased the Property in a short sale, Harutyunyan created a corporate entity with the address of the Property as its name, (vi) Harutyunyan never used the corporate entity for its stated purpose, (vii) Harutyunyan leased the Property back to Virginia for $2,200 per month, an amount prescribed by Virginia and not based on any market considerations, (viii) Harutyunyan testified that she accepted the rent in cash (which is difficult to trace) but produced no documentary evidence substantiating receipt of these monthly payments, (ix) Harutyunyan and/or her son hold title to a Mercedes-Benz that is used by Virginia and which is paid for by Virginia through the Excelente, Inc. account, (x) Harutyunyan has the bank statements for the Excelente, Inc. account mailed to the Property, where Virginia lives, rather than to Harutyunyan's home in Hollywood, and (xi) the DWP bill, which is the responsibility of the Martirosians, was altered to name Harutyunyan, even though she does not live at the Property or use the utilities there.

2194929

24. Next, as to the validity of the liens of CNF, the Court considered the evidence to determine whether CNF could be liable for any wrongdoing and found evidence to support a potential claim of civil conspiracy in connection with the scheme of the Debtor, his wife, and Harutyunyan. Specifically, the Court found as follows:

    a. The testimony provided by Dawood in opposition to the injunctive relief raises issues about the extent of CNF's knowledge, assistance and participation in the fraudulent scheme to transfer the Property to Harutyunyan. As noted, CNF provided the financing enabling Harutyunyan to purchase the Property at a short sale. At the TRO Hearing, Dawood testified that when first approached about lending to Harutyunyan, he thought the deal was too good to be true: i.e., lenders with deeds of trust on a house nominally worth $1.8 million agreeing to a short sale for $600,000. Dawood testified that after conducting some due diligence on the house he came to believe that the transaction was legitimate. But the Court was not persuaded by Dawood's testimony and generally did not find him credible.

    b. Dawood facilitated a six-month loan to Harutyunyan to acquire the Property. Dawood testified that he was advised at the time that if the buyer did not make the recommended improvements to stabilize the property and establish a retaining wall, he (or his investor) would have difficulty selling the Property following a default. CNF's expert engineer testified that those improvements would cost as much as $710,000. But Harutyunyan did not have that kind of money and Dawood knew it. Harutyunyan likewise did not have the $200,000 down payment on her short sale purchase, or the additional $108,000 in fees and impounds that Dawood testified CNF lent her for that purpose. She also did not have the resources to make the monthly interest payments of over $6,800 that were due to CNF. Nevertheless, Dawood approved the loan. The Court finds it unlikely that he would have done so without assurances that the Martirosians would be funding

6

those payments and knowledge that the short sale to Harutyunyan was part of the Martirosians' fraudulent transfer scheme

25. Based on the above rulings, the Court entered an order enjoining and restraining City National Finance from foreclosing on, enforcing any deed of trust against, or facilitating the transfer of the Property (the "Preliminary Injunction").

26. Given the interrelation between legal and factual issues raised by the Khachatryan, Savadian and Sefian Actions, the Court ordered that one trial be conducted as to all three actions.

27. On August 9, 2019, the Court entered its Trial Order Requiring Declarants to Be Present at a Consolidated Trial for resolution of all claims involving the Khachatryan Action, the Sefian Action and the Savadian Action.

28. The Trial was set to take place on August 19, 20, 23, and 26.

29. On or about August 19, 2019, a settlement was reached by and between Savadian, Khachatryan, Harutyunyan and CNF (the "Agreement").

**THE AGREEMENT**

30. Pursuant to the Agreement:

   a. Harutyunyan agreed to execute a Deed in Lieu of Foreclosure in favor of CNF for the Property;

   b. CNF agreed to execute a short form deed of trust in favor of Khachatryan in the sum of $418,000 in third position after the two deeds of CNF;

   c. CNF agreed to execute a short form deed of trust in favor of Savadian in the amount of $120,000 in fourth position;

   d. And CNF agreed to list the Property for sale within thirty days of August 19, 2019; and

   e. In the event the sale proceeds would be insufficient to cover the deeds of trust, the parties to the Agreement agreed to a pro rata reduction in their deeds of trust.

31. In addition to the foregoing terms, the Agreement purported to modify the Court's Preliminary Injunction without the need for application to the Court for modification of the Court's

2194929

1  orders by providing CNF the authority to sell the Property in accordance with the terms of the
2  Agreement.
3      32.    On or about August 30, September 4, and September 5, Savadian filed requests to
4  dismiss the claims under § 727.
5      33.    On September 27, 2019, the Court ordered that Savadian serve notice of his intent to
6  dismiss the § 727 claims to the Trustee and to other interested parties.

## FIRST CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER

## AGAINST VIRGINIA MARTIROSIAN (ACTUAL INTENT)

### [11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07]

11      34.    The Trustee repeats and realleges the allegations in above paragraphs 1 through 33,
12  inclusive, as though fully set forth herein.
13      35.    The Trustee is informed and believes and thereon alleges that during the seven-year
14  period immediately preceding the Petition Date, the Debtor transferred the Property listed to
15  Defendant Virginia, as her sole and separate property, with the actual intent to delay, hinder or
16  defraud the Debtor's creditors.
17      36.    By reason of the foregoing, the transfer of the Property to Virginia is avoidable
18  pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER

## AGAINST ALL VIRGINIA MARTIROSIAN (ACTUAL INTENT)

### [11 U.S.C. § 548(a)(1)(A)]

23      37.    The Trustee repeats and realleges the allegations in above paragraphs 1 through 36,
24  inclusive, as though fully set forth herein.
25      38.    The Trustee is informed and believes and thereon alleges that during the two year
26  period immediately preceding the Petition Date, the Debtor made transferred the Property to
27  Defendant Virginia as her sole and separate property, with the actual intent to delay, hinder or
28  defraud the Debtor's creditors.

2194929

39. By reason of the foregoing, the transfer of the Property to Virginia is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

### THIRD CLAIM FOR RELIEF
### RECOVERY OF AVOIDED TRANSFERS
### AGAINST ALL DEFENDANTS
**[11 U.S.C. § 550(a)(1) and (2), 11 U.S.C. § 544 and California Civil Code § 3439.07]**

40. The Trustee repeats and realleges the allegations in above paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. The Trustee is informed and believes and based thereon alleges that Virginia was the initial transferee of the Property from the Debtor.

42. The Trustee is informed and believes and based thereon alleges that Harutyunyan was the subsequent transferee of the Property from Virginia.

43. The Trustee is further informed and believes and based thereon alleges that Harutyunyan did not take the Property for value, did not take the Property in "good faith" and that Harutyunyan, in fact, was an active participant in the scheme of Debtor and Virginia to conceal the Property from their creditors in an effort to hinder, delay and defraud them.

44. Pursuant to 11 U.S.C. § 550, 11 U.S.C. § 544 and Civil Code § 3439.07, Plaintiff is entitled to recover the Property from both Virginia and Harutyunyan.

### FOURTH CLAIM FOR RELIEF
### EQUITABLE SUBORDINATION
### AGAINST CITY NATIONAL FINANCE
**[11 U.S.C. § 510(c)]**

45. The Trustee repeats and realleges the allegations in above paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. On information and belief, CNF engaged in inequitable conduct including, but not limited to, knowingly benefitting from a scheme by which CNF financed the alleged purchase of the Property by Harutyunyan, knowing that Harutyunyan was not an arm's length purchaser for value

2194929

and with knowledge that the purchase and sale of the Property was a sham devised by the Debtor and his wife, Virginia, with the active participation of Harutyunyan.

47. The misconduct conferred an unfair advantage to CNF and resulted in injury to the creditors of the Debtor from whom the Property was concealed through the sham sale to Harutyunyan, facilitated and funded by CNF.

48. Equitable subordination of the interests of CNF is not inconsistent with the provisions of the Bankruptcy Code.

49. CNF's interests in the Property should be subordinated to the interests of all creditors.

50. Plaintiff is also entitled to injunctive relief to prevent CNF from disposing of the Property or the proceeds thereof until the subordination is determined, nor should CNF be permitted to granting consent to the attachment of any lien on the Property absent further order from this Court.

## FIFTH CLAIM FOR RELIEF

## FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## AGAINST CITY NATIONAL FINANCE AND HARUTYUNYAN

## [11 U.S.C. § 544, § 105 and California Civil Code § 3439.07(a)(3)(A)]

51. The Trustee repeats and realleges the allegations in above paragraphs 1 through 50, inclusive, as though fully set forth herein.

52. Based on the allegations of CNF and Harutyunyan's inequitable conduct and participation in, or knowledge of, the Debtor's scheme, CNF and Harutyunyan should be enjoined from foreclosing on or otherwise alienating the Property pending resolution of the fraudulent transfer claims. Both CNF and Harutyunyan should further be enjoined from granting any lien in the Property absent further order of the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, The Trustee respectfully prays for judgment against the Defendants as follows:

1. On the FIRST and SECOND claims for relief, that transfer of the Property to Virginia be avoided for the benefit of the Estate;

10

2194929

2. On the THIRD claim for relief, to recover the Property from Defendants Virginia and subsequent transferee Harutyunyan, for the benefit of the Estate;

3. On the FOURTH claim for relief, for an order and judgment subordinating the secured interests of CNF in the Property;

4. On the FOURTH and FIFTH claims for relief, an injunction prohibiting CNF and Harutyunyan from disposing of the Property or the proceeds thereof, and enjoining CNF and Harutyunyan from permitting attachment of any additional liens on the Property until further order of the Court; and

5. For such other and further relief as this Court deems just and proper.

DATED: October 21, 2019

Respectfully submitted,

BRUTZKUS GUBNER

By: /s/ Jorge A. Gaitan
David Seror
Jorge A. Gaitan
Proposed Attorneys for Plaintiff Amy L. Goldman, Chapter 7 Trustee

2194929

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID SEROR – Bar No. 067488<br>JORGE A. GAITAN – Bar No. 288427<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email:  dseror@bg.law<br>         jgaitan@bg.law<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>SHAHEN MARTIROSIAN,<br><br>                                    Debtor(s). | CASE NO.: 1:15-bk-11139 MB<br>CHAPTER: 7<br>ADVERSARY NO.: 1:19-ap- |
|---|---|
| AMY L. GOLDMAN, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF SHAHEN MARTIROSIAN,<br><br>                                    Plaintiff(s)<br>Versus<br><br>VIRGINIA MARTIROSIAN, ANAHIT HARUTYUNYAN, CITY NATIONAL FINANCE,<br><br>                                    Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** 303
>
> **Address:**
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 1                                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                **KATHLEEN J. CAMPBELL**
                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
      Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*      Page 2      **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
*Date*          *Printed Name*                                    *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 3                        **F 7004-1.SUMMONS.ADV.PROC**